# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Holloway, Jr., former # 119092, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>State of South Carolina, and Sheriff )<br>Department, Greenwood, SC, )<br>Defendants. )<br>_____ ) | C.A. No.: 2:09-2449-PMD-RSC<br><br>**ORDER** |

This matter is before the court on Plaintiff Robert Holloway, Jr.'s ("Plaintiff") *pro se* civil action arising from an alleged "settlement" of Civil Action No. 2:00-2112 and also for a dismissal of a breach of the peace citation that was issued to Plaintiff on August 29, 2009.

Plaintiff filed this civil action on September 17, 2009. On September 28, 2009, the Magistrate Judge issued an Order instructing Plaintiff to submit the filing fee of $350.00 or file a motion for leave to proceed *in forma pauperis*, and ordered Plaintiff to submit the required service documents for the Defendants. On November 4, 2009, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, the Magistrate Judge found that Plaintiff did not comply with the above mentioned Order and entered a Report and Recommendation ("R&R") recommending that Plaintiff's claim be dismissed *without prejudice*. (R&R p. 2.) Plaintiff filed an objection to the R&R on November 9, 2009. Having reviewed the entire record, including Plaintiff's Objections, the court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

1

## STANDARD OF REVIEW

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

## ANALYSIS

The Magistrate Judge issued an R&R recommending that Plaintiff's claims be dismissed because he failed to comply with the Order of September 28, 2009, and because he failed to prosecute the case in a timely manner. (R&R pp. 1-2.)

When Plaintiff filed this case on September 17, 2009, the Magistrate Court noted that the claim was not in the proper form and issued an Order on September 28, 2009 directing Plaintiff to submit documents correcting his claim within a designated time period. (R&R p. 1.) Plaintiff was directed to submit $350.00 for the filing fee or to submit a motion for leave to proceed *in forma pauperis*, and also to submit the requisite service documents for the Defendants. *Id.* In his R&R, the Magistrate Judge indicated that Plaintiff did submit two letters subsequent to the issuance of the Order, but Plaintiff failed to submit the required documents and thus failed to comply with the Order. *Id.*

The court agrees with the Magistrate Judge that the Order of September 28, 2009 unambiguously informed Plaintiff of his responsibility to submit the required documents within twenty days (plus three days for mail time)[1], and accordingly compliance was required by October 19, 2009. *Id.* The court also agrees that Plaintiff failed to bring his claim into the proper form by October 19, 2009, and thus failed to comply with the Order. *Id.* Furthermore, the court finds that the Magistrate Judge was correct in determining that Plaintiff intended not to prosecute this case, based on non-compliance after receipt of a warning given in the Order of September 28, 2009, which stated: "If as a result of your failure to comply with this Order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, your case may be dismissed for violating this Order." (Order p. 2.)

Plaintiff filed timely Objections to the R&R on November 9, 2009, which was within the requisite fourteen day period from the issuance of the R&R on November 4, 2009. However, Plaintiff's objections are incoherent and do not contain specific objections to the R&R. Plaintiff's objections state that "a written statement was all that was needed to show and prove that the State of S.C. violated federal guidelines." (Pl. Obj. p. 2.) Also, Plaintiff's objections indicate that "Tony Davis" should be charged with "aiding and abetting a terrorist network, and you only have to look at and get a D.N.A. sample from Henrietta Norman to prove this is not my real mother in the house." *Id.* The court finds that these statements do not specifically counter any of the propositions in the R&R and thus lack merit as formal objections.

The court notes that a dismissal *with prejudice* is a "harsh sanction which should not be

---

[1] Three days for mail time is added to the twenty day stipulated time period, in accordance with Fed. R. Civ. P. 6(e) which states that "whenever a party must or may act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the period would otherwise expire under supervision (a). Fed. R. Civ. P. 6(e).

invoked lightly." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978.) After reviewing the four factor test in *Davis,* the court agrees with the Magistrate that the appropriate remedy is to dismiss *without prejudice*, as Plaintiff does not seem to exhibit a "history of deliberately proceeding in a dilatory fashion." *Id.*; (R&R p. 2) (*citing* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to comply with "any order of the court"); *Ballard v. Carlson,* 882 F.2d 93, 95 (4th Cir. 1989) (dismissal appropriate where warning given)).

Accordingly, due to Plaintiff's failure to comply with the September 28, 2009 Order and failure to prosecute this case in a timely manner, the court dismisses this case *without prejudice,* as recommended by the Magistrate Judge.

## CONCLUSION

For the foregoing reasons, the court agrees with the Magistrate Judge's Report and Recommendation and **ORDERS** that Plaintiff's civil action be **DISMISSED** *without prejudice.*

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**June 25, 2010**
**Charleston, SC**

4